### In re Stephen A. MISHKIN, Debtor.

### Bankruptcy No. 83 B 20041.

United States Bankruptcy Court,
S.D. New York.

June 17, 1986.

Kronish, Lieb, Weiner & Hellman, New York City, for Richard Lieb; Karen Klein, of counsel.

Rhoades and Rhoades, New York City, for Park Street Mall, et al.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The law firm of Kronish, Lieb, Weiner & Hellman, as attorneys for Richard Lieb, the Chapter 11 trustee of Stephen Mishkin, seek compensation for legal services provided to Mishkin's Chapter 11 trustee in operating and managing for a time certain property known as the Park Street Mall, which was then owned by Park Street Mall, Inc. Objection to this application has been filed by Park Street Mall, Inc., Rem Construction and Development Corp. and 467 CPW Corp.

Stephen Mishkin was an attorney, accountant and real estate manager. He was also the principal stockholder of Highcrest Management Company, Inc. ("Highcrest"). On January 26, 1983, both Mishkin and Highcrest filed petitions for reorganization under Chapter 11 of the Bankruptcy Code. In October of 1983, Richard Lieb was appointed Chapter 11 trustee in Mishkin's reorganization case. Highcrest Management was converted to a Chapter 7 liquidation case on August 11, 1983 and Harvey S. Barr was appointed its trustee in bankruptcy.

Before the filing of his Chapter 11 case, Mishkin, through his corporate managing company, Highcrest, managed the property owned by Park Street Mall, Inc. The stock of Park Street Mall, Inc. was owned by Highcrest. Thus, Mishkin may have had a beneficial interest in the Park Street Mall. The disruption in the management of Park Street Mall was in large measure caused by Mishkin's financial involvement in the bankruptcy cases of Highcrest and his personal Chapter 11 case. Park Street Mall, Inc. was not in bankruptcy.

On December 19, 1983, a hearing was held in this court pursuant to an application

filed by the applicants, as attorneys for Mishkin's Chapter 11 trustee, for an order enjoining the discontinuance of utility service to Park Street Mall, directing a turnover of certain funds to the trustee, directing Mishkin to turn over all uncollected checks and other receipts in his possession and authorizing the payment from the income generated by Park Street Mall, of certain necessary expenses other than mortgage and tax payments.

At the hearing held on December 19, 1983, various parties, including, Chase Lincoln First Bank, N.A. ("Chase") the mortgagee of the real estate of Park Street Mall, specifically consented that Mishkin's Chapter 11 trustee undertake the various management functions requested in the Chapter 11 trustee's application. This application was approved and authorized pursuant to an order dated January 4, 1986. The Chapter 11 trustee and his attorney thereafter performed management services and legal services until Harvey S. Barr, as trustee in bankruptcy of Highcrest, stepped in and assumed managerial responsibility.

On February 3, 1984, Chase, as mortgagee, filed an application seeking relief from the automatic stay for an order permitting Chase to institute foreclosure proceedings with respect to the Park Street Mall.

Thereafter this court authorized the Mishkin Chapter 11 trustee to transfer his management functions with respect to the Park Street Mall to Harvey S. Barr, as trustee in bankruptcy of Highcrest. The Mishkin Chapter 11 trustee then filed with this court his accounting of receipts and disbursements with respect to the Park Street Mall.

The attorneys and paralegals in the applicants' firm performed legal services for the Mishkin Chapter 11 trustee amounting to 128.8 billing hours for which compensation is sought in the sum of $10,612.50, together with reimbursement for expenses totalling $480.30.

The objectants obtained their interest in the Park Street Mall through a subsequent foreclosure deed from the mortgagee, Chase, after Chase had specifically consented to the January 4, 1986 order which authorized Richard Lieb, as Chapter 11 trustee for Stephen Mishkin, to perform Mishkin's services in connection with the Park Street Mall. Thus, the objectants are successors in interest to Chase, the mortgagee. The applicants, as attorneys for the Chapter 11 trustee, were authorized to render legal services for the Chapter 11 trustee.

The governing statute is 11 U.S.C. § 506(c) which provides that a trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving such property to the extent of any benefit to the holder of the secured claim. It is also settled law that a holder of a secured claim who consents to expenses and services incurred for the preservation of the secured collateral is responsible for the payment of such expenses and services. *General Electric Credit Corporation v. Levin & Weintraub (In re Flagstaff Food Service Corp.)*, 739 F.2d 73 (2d Cir.1984). In the instant case, Chase expressly consented to the management services performed by the Mishkin Chapter 11 trustee for the benefit of the Park Street Mall. Accordingly, such property shall be responsible for the management services and expenses incurred by the Chapter 11 trustee of Stephen Mishkin. The objectants, whose title is derived from the consenting mortgagee, Chase, may not now reject this responsibility by characterizing the Chapter 11 trustee as a volunteer.

The attorneys for the Chapter 11 trustee of Stephen Mishkin are entitled to compensation for their services in the sum of $10,612.50, which is fair and reasonable in the circumstances, together with reimbursement in the sum of $480.30 for properly incurred disbursements.

SETTLED ORDER on notice.